# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-3142

_____

FLORIDA WILDLIFE FEDERATION,
INC., ST. JOHNS RIVERKEEPER, INC.,
ENVIRONMENTAL CONFEDERATION
OF SOUTHWEST FLORIDA, INC., SIERRA
CLUB, INC., and MANLEY FULLER,

      Appellants,

      v.

FLORIDA LEGISLATURE, FLORIDA
DEFENDERS OF THE ENVIRONMENT,
INC., LAUREL M. LEE, in her official
capacity as Florida Secretary of
State, et al.,

      Appellees.

_____

No. 1D2022-3463

_____

FLORIDA DEFENDERS OF THE
ENVIRONMENT, INC.,

      Appellants,

      v.

LAUREL M. LEE, in her official capacity
as Florida Secretary of State,
FLORIDA WILDLIFE FEDERATION, INC.,

WILTON SIMPSON, as President of the
Florida Senate, et al.,

Appellees.

_____

On appeal from the Circuit Court for Leon County.
J. Lee Marsh, Judge.

February 14, 2024

PER CURIAM.

These two cases were consolidated below and again on appeal, both involving environmental groups challenging some of the Florida Legislature's 2015 and 2016 appropriations from the Land Acquisition Trust Fund, codified in Article X, section 28, of the Florida Constitution (LATF). The trial court rendered a final judgment based on its summary judgment in favor of the state defendants and against the environmental groups. We affirm, and write only to address the issue of mootness.

The LATF provision specifies that "[f]unds in the Land Acquisition Trust Fund shall be expended only for the following purposes:"

(1)   As provided by law, to finance or refinance: the acquisition and improvement of land, water areas, and related property interests, including conservation easements, and resources for conservation lands including wetlands, forests, and fish and wildlife habitat; wildlife management areas; lands that protect water resources and drinking water sources, including lands protecting the water quality and quantity of rivers, lakes, streams, springsheds, and lands providing recharge for groundwater and aquifer systems; lands in the Everglades Agricultural Area and the Everglades Protection Area, as defined in Article II, Section 7(b); beaches and shores; outdoor recreation lands, including recreational trails, parks, and urban open space; rural

2

landscapes; working farms and ranches; historic or geologic sites; together with management, restoration of natural systems, and the enhancement of public access or recreational enjoyment of conservation lands.

(2) To pay the debt service on bonds issued pursuant to Article VII, Section 11(e).

Art. X, § 28(b)(1)–(2), Fla. Const.

Between 2015 and 2018, the environmental plaintiffs filed an original complaint plus five amended complaints, all challenging Legislative appropriations from the LATF made in the 2015–16 fiscal year. All of the complaints requested that the court declare the specified appropriations improper, and all but the first asked the court to order the allegedly misappropriated and mis-spent funds returned to the LATF.

The first complaint, filed in June of 2015, set forth what the plaintiffs considered lawful 2015 appropriations from the LATF, asserting without specificity that all other 2015 appropriations from the fund were improper. The first amended complaint, filed in August of 2015, alleged as improper seven categories of 2015 appropriations, some listing numerous individual appropriations. The second and third amended complaints, filed in December of 2015 and March of 2016, respectively, specified twelve categories of 2015 and 2016 appropriations, again including numerous individual appropriations in each category as being improper.

The fourth amended complaint, filed in 2017, organized the allegedly improper 2015–16 appropriations according to the receiving agency, specifying numerous individual appropriations throughout: eight groupings of appropriations to the Department of Agriculture and Consumer Services; six to the Department of Environmental Protection; six to the Department of State; and five to the Fish and Wildlife Conservation Commission. The fifth and final amended complaint, filed May 5, 2018, again alleged specific 2015–16 appropriations and expenditures broken down by the same receiving agencies.

After long delays in the litigation, the trial court heard cross-motions for summary judgment in October of 2021. It was undisputed that the challenged 2015–16 appropriations had already been spent or contractually obligated, or had reverted to the LATF. For this reason, the defendants argued that the plaintiffs' claims had become moot. The trial court agreed and entered summary judgment for the defendants.

We agree with the trial court's determination of mootness. Key to our analysis is the narrow scope within which the plaintiffs consistently framed their claims. They alone controlled their pleadings, and they challenged only the validity of specific 2015–16 appropriations, asking the trial court to order those funds returned to the LATF. Once those appropriations were completed or reverted and the fiscal year ended, however, no remedy remained within reach of the active complaint as pleaded, through no fault of the defendants. The claims were moot.

As did the trial court, we find a useful example in the supreme court's action in *Department of Administration v. Horne*, 269 So. 2d 659 (Fla. 1972). The merits issue was the existence of standing in a constitutional challenge to fifty-five appropriations, but the fiscal year expired while the appeal was pending. *Id.* at 660. The supreme court concluded that, "The protracted litigation in this cause has now consumed the fiscal year involved; accordingly, the substantive matters affected thereupon became moot and dismissal of the proceeding will be appropriate." *Id.* at 663.

We affirm the trial court judgment in this and all other respects.

AFFIRMED.

OSTERHAUS, C.J., and KELSEY and M.K. THOMAS, JJ., concur.

4

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Alisa Coe and Bradley Marshall of Earthjustice, Tallahassee; David G. Guest of David Guest Law, Tallahassee; and Kenneth B. Wright of Bledsoe, Jacobson, & Wright, Jacksonville, for Appellants.

Andy Bardos and James Timothy Moore, Jr., of GrayRobinson, P.A., Tallahassee; and George N. Meros, Jr., of Shutts & Bowen LLP, Tallahassee, for Appellees the Florida Legislature, the Speaker of the Florida House of Representatives, and the President of the Florida Senate.

Jeffrey Brown and Kelley Corbari of Florida Department of Environmental Protection, Tallahassee, for Appellees the Florida Department of Environmental Protection and the Secretary of Environmental Protection.

Carlos Rey, General Counsel, and Kyle E. Gray, Deputy General Counsel, Florida Senate, Tallahassee, for Appellee the President of the Florida Senate.

Rhonda E. Parnell of Florida Fish and Wildlife Conservation Commission, Tallahassee, for Appellees Florida Fish and Wildlife Conservation Commission and the Executive Director of the Florida Fish and Wildlife Conservation Commission.

Steven L. Hall, Genevieve Hall, and Allan Charles of Florida Department of Agriculture and Consumer Services, Tallahassee, for Appellees Florida Department of Agriculture and Consumer Services and the Commissioner of Agriculture.

Ashley E. Davis and Bradley R. McVay, Florida Department of State, Tallahassee, for Appellees Florida Department of State and

Secretary of State.

Joseph W. Little, Gainesville, for Appellee Florida Defenders of the Environment, Inc.